UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER EARL SANBORN (#385971)

VERSUS                                              CIVIL ACTION

TEQUILA PARKER                                      NUMBER 11-649-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 30, 2011.

                                                       STEPHEN C. RIEDLINGER
                                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER EARL SANBORN (#385971)

VERSUS                                              CIVIL ACTION

TEQUILA PARKER                                      NUMBER 11-649-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Tequila Parker, a nurse at the penitentiary. Plaintiff alleged that Parker issued him a false disciplinary report in violation of his constitutional rights. Plaintiff sought monetary damages.

**I. Factual Allegations**

Plaintiff alleged that on February 16, 2011, Parker issued him a false disciplinary report accusing him of masturbating in the hall at the front of the tier. Plaintiff alleged that on February 21, 2011, he was found guilty of the disciplinary infraction by the disciplinary board and was sentenced to eight weeks loss of yard privileges and a transfer to Level One Camp J Management Plan, which was suspended for 90 days. Plaintiff alleged that he was also subjected to being restrained behind his back when leaves his housing unit.

Plaintiff alleged that he appealed the decision of the

disciplinary board and on March 15, 2011, his disciplinary appeal was granted, the disciplinary report was expunged from his record, the sentence was voided and all privileges lost as a result of the disciplinary report were ordered restored.

Plaintiff alleged that although he is not certain why the defendant issued him a false disciplinary report, he believes he may have offended her when earlier that morning she saw him laughing at a comment (presumably about her) made by another inmate.

Plaintiff alleged that between February 21, 2011, the date he was convicted of the disciplinary infraction, and March 15, 2011, the date his disciplinary appeal was granted, he was denied outside yard privileges.  Plaintiff alleged that he is now required to be restrained behind his back while exercising on the yard.  Plaintiff alleged that his appetite has diminished and he is unable to perform certain exercises, including push ups, sit ups and jumping jacks, while restrained behind his back.  Plaintiff alleged that he does not run while restrained behind his back because he is afraid that he will fall on his face.

## II. Applicable Law and Analysis

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### A. False Disciplinary Report

Plaintiff alleged that Parker issued him a false disciplinary report. Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### B. Unconstitutional Conditions of Confinement

Plaintiff alleged that between February 21, 2011, and March

3

15, 2011, he was denied outside yard privileges. Plaintiff further alleged that he is now being restrained behind his back while exercising on the yard. Plaintiff alleged that he is afraid to run while restrained behind his back and he is unable to perform certain exercises because of the manner of restraint.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[1]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff failed to allege that he was deprived of a single

---

[1] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

4

identifiable human need.  Simply being unable to perform particular types of exercises does not rise to the level of a constitutional violation.  Moreover, plaintiff did not allege, nor is it likely, that nurse Parker made the decision regarding the manner in which he is restrained while outside of his cell.  Parker can not be held responsible for the security decisions made by others.[2]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, September 30, 2011.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

5